UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
Sep 08 2026
ARTHUR JOHNSTON, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MICHAEL L. JORDAN** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 2:25-cv-102-TBM-LGI**

**WARDEN JOHN HOSTETLER** **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the submission of the Report and Recommendation [15] entered by United States Magistrate LaKeysha Greer Isaac on June 25, 2026. Judge Isaac recommends granting the Motion to Dismiss [11] filed by Defendant Warden John Hostetler and dismissing Plaintiff Michael L. Jordan's claims with prejudice as time-barred, as more than a decade has passed between the statute of limitations deadline and the filing of Jordan's petition. The Court finds that the Report and Recommendation [15] should be adopted and Jordan's Objection [16] should be overruled.

## I. BACKGROUND AND PROCEDURAL HISTORY

Jordan pleaded guilty to two kidnapping charges in the Circuit Court of Perry County, Mississippi, and was sentenced on February 11, 2015, to a 30-year term of imprisonment. His sentence became final 90 days later, on May 12, 2015. As a result, Jordan had until May 12, 2016, to file a timely habeas petition. He did not. Instead, Jordan filed a petition for post-conviction relief on January 31, 2018, which was denied on February 21, 2023. Jordan did not appeal.

Eventually, Jordan filed his Petition for Writ of Habeas Corpus [1] under § 2254 on July 17, 2025, in this Court. Although Jordan acknowledges that his Petition is untimely, he claims that he is entitled to equitable tolling because the Mississippi Department of Corrections lost his "legal

effects" while his request for post-conviction relief was pending. Jordan also seeks to excuse his untimely Petition by arguing actual innocence, ignorance of the law, lack of knowledge of filing deadlines, and temporary denial of access to research materials or the law library. Judge Isaac discussed each ground for relief and found that not only did Jordan fail to meet his burden, he also reurged the same arguments he asserted in state court. Judge Issac determined that Jordan's arguments were insufficient to overcome his untimely Petition and recommends that this Court deny his Petition as well as his requests for appointment of counsel and an evidentiary hearing. Jordan timely filed objections to the Report and Recommendation.

## II. DISCUSSION AND ANALYSIS

"[P]arties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). But the objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive de novo review[.]" *Id.* When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Moreover, where the objections are repetitive of the arguments already made to

the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Rather than objecting to Judge Isaac's findings in the Report and Recommendation, Jordan merely reurges the allegations found within his Petition. Specifically, Jordan reurges his arguments as to (1) prejudice, (2) tolling, (3) actual innocence, and (4) the need for an evidentiary hearing. Since Magistrate Judge Isaac thoroughly considered Jordan's allegations in the Report and Recommendation, Jordan's Objections "are repetitive of the arguments already made to the magistrate judge," and *de novo* review is not warranted. *Hernandez*, 495 F. App'x at 416. Upon finding no error in Magistrate Judge Isaac's Report and Recommendation, this Court "need not make new findings or reiterate the findings of the magistrate judge." *Id.*

Even if this Court were to conduct a *de novo* review of the record, Jordan's Objection would still be overruled, and the Report and Recommendation would be adopted as the opinion of the Court given that Judge Isaac appropriately applied the law to the facts. *Raddatz*, 447 U.S. at 675. To be sure, any further argument presented by Jordan as to equitable tolling, actual innocence, and an evidentiary hearing do not change the result. The law firmly stands against Jordan on these issues based on the extensive record in this case.

It is also noted that in his Objections to the Report and Recommendation, Jordan argued, for the first time, that he misunderstood the AEDPA's statute of limitations requirements. But arguments raised for the first time in objections to a magistrate judge's report and recommendations are "not properly before the district court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Thus, the Court cannot consider such arguments.

## III. CONCLUSION

IT IS ORDERED that the Report and Recommendation [15] entered by United States Magistrate LaKeysha Greer Isaac on June 25, 2026, is ADOPTED as the opinion of the Court. Plaintiff Michael L. Jordan's Objection [16] is OVERRULED.

IT IS FURTHER ORDERED that Defendant Warden John Hostetler's Motion to Dismiss [11] is GRANTED.

THIS, the 8th day of September, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE